UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DENISE L. LOWRY, | ) No. CV 12-10498-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") erred in the

                assessment of Plaintiff's physical residual functional capacity;

2. Whether the ALJ erred in relying on the vocational expert's response to an incomplete hypothetical question; and

3. Whether the ALJ erred in the credibility findings.

(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ CORRECTLY ASSESSED THE MEDICAL SOURCES IN THE RECORD TO DETERMINE PLAINTIFF'S PHYSICAL RESIDUAL FUNCTIONAL CAPACITY**

Plaintiff asserts error in the ALJ's determination of her physical residual functional capacity ("physical RFC") because the ALJ failed to incorporate many of the limitations assessed by consultative examiner ("CE") Steven Schwartz. Citing the ALJ's Decision (AR 10-21), Plaintiff contends that the ALJ essentially adopted Dr. Schwartz' findings by assigning them "enhanced weight," and for that reason, the ALJ was mandated to accept all of the physical limitations assessed by Dr. Schwartz. (JS at 3-4, citing AR 471.)

Plaintiff's argument fails in large part because she misconstrues the language of the Decision, and thus, artificially limits the medical evidence which the ALJ in fact did consider in reaching his Decision. The ALJ made an assessment of Plaintiff's physical RFC, and specifically stated the following:

        "The findings regarding [Plaintiff's] residual

2

```
         functional capacity are supported by the medical evidence of
         record, including but not limited to, the reports of the
         consultant examiner and the medical consultant. The
         undersigned gives enhanced weight to these assessments, ..."
(Emphasis added, AR 17.)
```

Thus, the ALJ did not give enhanced weight only to Dr. Schwartz' conclusions, but based his determination of Plaintiff's physical RFC on all of the medical evidence of record.

The Commissioner points out that there is evidence in the record from Agreed Medical Evaluator ("AME") Dr. Edwin Haronian, who examined Plaintiff before her date last insured ("DLI"). (See AR 284-298.) The Commissioner points out that Dr. Haronian found that Plaintiff was neurologically intact and had full motor strength and normal sensation. (JS at 8, citing AR 295.) The Commissioner notes that Dr. Haronian was of the opinion that Plaintiff was only precluded from "heavy" work. (AR 296.) Plaintiff replies to this argument by characterizing Dr. Haronian's report as "irrelevant," because, she claims, the ALJ "does not even mention Dr. Haronian's report in his decision." (JS at 10.) This is not the case. In determining Plaintiff's physical RFC, the ALJ in fact did review Dr. Haronian's report, as referenced directly in the Decision, where several references are made to Dr. Haronian's report, including a summary contained in that report by medical evaluator Dr. David Field. (See Ar at 14.) But Plaintiff persists in arguing that the ALJ erred by not including all of the limitations set forth in Dr. Schwartz' report. (See JS at 11.) Again, this is not true. It is the ALJ's function to weigh conflicting evidence. See Tommasetti v. Astrue, 533 F.3d 1035,

3

1041-42 (9th Cir. 2008), Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). With regard to the opinions of Dr. Schwartz and Dr. Rose, the ALJ extensively discussed them in his Decision (AR 17), and as the ALJ noted, these opinions were rendered three years after the DLI. Thus, the ALJ adequately examined these opinions in light of the weight he accorded them, and in light of all the medical evidence in the record, which the ALJ clearly read and analyzed. The Court concludes that the ALJ adequately and sufficiently weighed conflicting evidence and articulated sufficient reasons in his Decision for arriving at Plaintiff's physical RFC.

The Court need not devote substantial attention to Issue No. 2, which is controlled by the Court's determination of Plaintiff's first issue. In Issue No. 2, Plaintiff asserts that the ALJ erred in relying upon an incomplete hypothetical question posed to the vocational expert ("VE"), because the hypothetical omitted the work-related limitations assessed by Dr. Schwartz. But as the Court has indicated, the ALJ was not required to accept all of the limitations assessed by Dr. Schwartz. For that reason, Plaintiff's second issue has no merit.

**II**

**THE ALJ PROPERLY DEPRECIATED PLAINTIFF'S CREDIBILITY**

In Plaintiff's third issue, she contends that the ALJ failed to provide any clear and convincing reasons based on substantial evidence to dismiss her alleged pain and functional limitations as she described them. (See JS at 14, citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).) In response, the Commissioner contends that the ALJ's Decision in fact does set forth the evidence on which the

4

ALJ relied in the credibility determination. In fact, these statements are set forth in the Decision at AR 17, immediately above the ALJ's conclusion that Plaintiff's credibility does not extend to acceptance of her own descriptions of her pain and limitations. Plaintiff denies that the ALJ set forth any such basis in the Decision, but clearly, the ALJ pointed out serious inconsistencies in Plaintiff's history of daily methamphetamine use and consumption of alcohol, and also her statements to a physician that she had never used illegal drugs. (AR 17.) These are important and sufficient credibility factors upon which the ALJ was entitled to rely. Moreover, they are consistent with both Social Security Rulings (see SSR 96-7p) and case law (see Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

For the foregoing reasons, the Court rejects Plaintiff's argument that the ALJ erred in determining her credibility.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: September 9, 2013              /s/
                                      VICTOR B. KENTON
                                      UNITED STATES MAGISTRATE JUDGE